UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:19-CR-00961-SRC-NCC |
| vs. ) | |
| ) | |
| **ANTHONY CALDWELL**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT ANTHONY CALDWELL'S MOTION
### TO COMPEL DISCLOSURE REGARDING CONFIDENTIAL SOURCES

COMES NOW Defendant Anthony Caldwell, by and through his counsel, Luke A. Baumstark, of the Baumstark Firm, LLC, and respectfully requests that this Court enter an Order directing the Government to provide the identity of all confidential informants and confidential sources (hereafter also "sources"), including cooperating co-defendants, whom the Government will rely upon in proving its case against him, as well as all statements and information the Government has concerning those informants and sources. Defendant's request includes information relating to whether such sources have or will be given any consideration for their information or cooperation with law enforcement in the past or in the future, as well as their criminal record, what other investigations these sources have been involved in and their "track record" in this regard, including any investigative reports, recordings, and statements involving those individuals relating to the Government's proof in this case. In support of his Motion to Compel Disclosure Regarding Confidential Sources, he states:

### Introduction

The Government alleges that Anthony was involved in, and, indeed, was the leader of, a conspiracy to distribute 400 grams or more of fentanyl. This charge, if proven, is punishable by

1

10 to 40 years in the Bureau of Prisons. *See* 21 USC § 841. In the year since Anthony was indicted, the only evidence that the Government has disclosed to suggest his involvement in the conspiracy comes from confidential sources, whose identities the Government has withheld. Anthony cannot mount a meaningful defense against these serious allegations without information about the sources of the Government's evidence against him. Justice and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution demand that he be permitted to do so.

## Background

On November 20, 2019, the Government filed an Indictment charging Anthony and 10 others with conspiracy to distribute or possess with intent to distribute more than 400 grams of fentanyl in violation of 21 U.S.C. § 841(b)(1)(A)(vi) and related crimes. The Indictment alleges that the drug conspiracy started in January 2018. Anthony was taken into custody in December 2019. He was apprehended at Barnes Jewish Hospital, where he was being treated for gunshot wounds to his head.

The Government has disclosed multiple reports from state and federal law enforcement agencies documenting drug trafficking activity involving other defendants, as well as documentation of the search of an address with which Anthony has no apparent connection. According to Defense Counsel's records, the Government's last production of new discovery was in January 2020.[1] Although the Government's disclosures are voluminous, the only connections offered between Anthony and the conspiracy come in the context of a confidential source or informant identifying him as being involved. This puts Anthony in the inequitable and

---

[1] Although additional materials have been produced since then, these were in response to specific requests from Defense Counsel regarding malfunctioning discs and/or files.

unfair position of being left to guess who has provided the Government with the primary inculpatory evidence it intends to present at trial.

## Argument

Although it lists information the Government must disclose, Federal Rule of Criminal Procedure 16(a) is not intended to be an exhaustive list of all of the everything needed to ensure a fair trial. While Rule 16(a)(2) indicates that statements made by prospective government witnesses are only discoverable pursuant to the limitations set out in the Jencks Act, it is silent as to whether the Government must disclose the identity of those witnesses. The court's discretion to compel the Government to disclose the identity of its witnesses, however, is well-established by case law. *See, e.g. United States v. DeCoteau*, 185 F.3d 1008, 1010 n. 2 (8th Cir. 1984). Indeed, one need look no further than this judicial district. *See e.g., United States v. Kazami*, 2009 WL 1605895 at *2-4 (E.D. Mo. June 9, 2009) (Sippel, J.). *See also* Memorandum and Order (Doc. 328) in *United States v. Juan Jose Gonzalez, et al* Case No. 4:19-CR-211 (E.D. Mo. August 6, 2020) (White, R.). Although the Government's ability to withhold the identity of its informants in certain cases has long been recognized, its scope is limited by "the fundamental requirements of fairness." *Roviaro v. United States*, 353 U.S. 53, 60 (1957). "Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

The Government's interest in keeping the identity of its cooperating witnesses secret is rooted in encouraging cooperation with law enforcement, which ostensibly yields information that is useful to it. Anthony's interest, however, is in protecting his right to prepare his defense in a case that could cost him his liberty for most of what remains of his life. Courts weighing

these types of interests against one another have considered, among other things, "the possible significance of the informer's testimony." *Id.* at 61. In analyzing this, they have drawn a distinction between a witness who merely provides information to law enforcement (a "tipster") and one who actually observes or participates in the charged offenses. For witnesses in the latter category, "disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1996) (citing *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)).

As to Anthony, the Government's only apparent source of evidence is information provided by cooperating witnesses. Therefore, the disclosure of their identities is essential to Anthony receiving a fair trial. To the extent that this Court has concerns about the materiality of a cooperating witness' testimony , it may address them by questioning that witness *in camera*. *See United States v. Grisham*, 748 F.2d 460, 464-65 n. 2 (8th Cir. 1984) (explaining the procedure for an *in camera* proceeding for the court to examine an informant and "make a record on…the question of materiality"). To the extent that any cooperating witness is any one of the 10 co-defendants or co-conspirators who admits to participating in the charged offenses, his/her identity is equally material to Anthony's defense.

The only way for Defense Counsel to conduct an independent investigation and attempt to interview these cooperating witnesses is if the Government is compelled to disclose their identities. The significance of the testimony from the Government's cooperating witnesses is greatest where, as here, it is apparently the sole evidence that the Government has. Disclosure of the identities of these sources is therefore "essential to a fair determination" of the Government's allegations. *Devose*, 53 F.3d at 206-07 (affirming that failure to order disclosure of informant's

identity prejudiced the defendant because it prevented him from interviewing the informant and using "the information obtained during the interview to impeach his credibility").

Further, when the identity of a cooperating witness is critical to impeaching the Government's evidence at trial, a defendant's constitutional protections are triggered. If "the reliability of the witness 'may well be determinative of guilt or innocence,'" the Government's disclosure obligations under *Brady* apply. *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The Government cannot evade its obligations by asserting that information about a material witness does not impeach the Government's evidence or otherwise help the defense. The potential benefit of interviewing a cooperating witness who will testify at trial is "a matter for the accused rather than the Government to decide." *Roviaro*, 353 at 64. Naturally, the potential for such benefit is at its highest where, as here, the Government's case is wholly dependent on the credibility of its witnesses.

Defense Counsel anticipates that the Government may argue that this information should not be turned over in order to ensure the safety of the confidential sources. To the extent that the Court finds such an argument persuasive, Defense Counsel suggests that information could be disclosed subject to a protective order, or that another similar arrangement could be reached with the Court's assistance.

## Conclusion

"Witnesses to a crime are not the property of the prosecution or the defense and both sides have the equal right and should have the equal opportunity to interview them." *United States v. Long*, 449 F.2d 288, 295 (8th Cir. 1971). Defendant respectfully requests that this Court provide him that opportunity by compelling the Government to disclose the identity of the witnesses cooperating with its prosecution against him.

WHEREFORE, Defendant Anthony Caldwell respectfully asks this Court to compel the Government to disclose all statements and information related to confidential informants and sources involved in this case, other than mere non-participant, non-witness tipsters, including but not limited to their criminal histories, promises made to them or other benefits or payment given in exchange for or in the course of their cooperation, and track records regarding cooperation, and that such disclosure be made far enough in advance of trial to allow Defendant's counsel to conduct a meaningful investigation of the information provided.

Respectfully Submitted,

/s/ *Luke A. Baumstark*
Luke A. Baumstark, #56344
THE BAUMSTARK FIRM, LLC
815 Geyer Avenue
St. Louis, MO 63104
Telephone: 314-492-6290
Facsimile: 314-492-6348
E-mail: luke@baumstarkfirm.com

***Attorney for Defendant***
***Anthony Caldwell***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of December, 2020, this document was filed with the court via the CM/ECF system which will send notice to all parties of record.

/s/ *Luke Baumstark*