UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CR 961 SRC/NCC |
| | ) | |
| ANTHONY CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT CALDWELL'S
## MOTION TO SEVER

Comes now the United States of America by and through its attorneys, Jeffrey B. Jensen,

United States Attorney for the Eastern District of Missouri and Paul J. D'Agrosa, Assistant United

States Attorney for the Eastern District of Missouri, and for its response to Defendant Caldwell's

Motion to Sever ("Motion to Sever" Doc. # 359), states as follows:

### I.    INTRODUCTION

Defendant Caldwell's Motion to Sever should be denied. The offenses and defendants in

this drug distribution conspiracy are properly joined. On November 20, 2019 Anthony Caldwell

(hereafter "Caldwell" or "Defendant") was indicted by a federal Grand Jury in an eleven-defendant

indictment, charging him in a conspiracy to distribute and possess with intent to distribute fentanyl,

in violation of Title 21, United States Code, Sections 841 and 846 (Doc. #1). Following his arrest,

Caldwell was provided an initial appearance while he was hospitalized. He was ultimately

appointed counsel and following his arraignment and plea of not guilty, Caldwell was provided

discovery. Defendant has now filed his motion to sever, alleging fairly general grounds in support

of severance. For the following reasons, the United States respectfully requests this Court deny

Defendant's motion.

## II.   ARGUMENT

This is an organized crime conspiracy involving organized narcotics distribution and in which Defendant Caldwell participated. His participation includes obtaining and selling fentanyl, aided and abetted by others named in the indictment. Therefore, joinder is proper.

Intrinsic to this conspiracy are multiple acts in furtherance of the drug distribution conspiracy, including the transportation of narcotics and U.S. currency, the mailing of packages containing narcotics, the sale of narcotics on the street and the collection of drug proceeds in the form of cash. To the extent Defendant Caldwell bases his motion upon the potential prejudice posed to him by evidence that may be admissible against other defendants, pursuant to Federal Rule of Evidence 404(b), any prejudice will be controlled by the anticipated jury instructions. There will be no risk of "clear or real prejudice" because the jury will be able to compartmentalize the evidence against each defendant. A joint trial is favored in a case such as this and the authority cited herein sets forth the well-established procedures for properly instructing the jury on the use of such evidence. Defendant Caldwell's Motion to Sever should be denied.

### A.   LEGAL STANDARDS

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transactions, constituting an offense or offenses." A court may grant a severance of trials "if joinder...of defendants in an indictment...appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The decision to deny a defendant's motion for severance from joint trial is committed to the discretion of the district court. *United States v. Wint*, 974 F.2d 961, 966 (8th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993); Fed. R. Crim. P. 14.

In determining whether or not any defendant is entitled to a separate trial, the court must decide whether joinder was proper under Federal Rule of Criminal Procedure 8(b) and whether joinder is likely to have a substantial and injurious influence on the jury's fact finding. *United States v. Lane*, 474 U.S. 438, 449 (1986); *United States v. Grey Bear*, 863 F.2d 572, 576 (8th Cir. 1988). To warrant severance, a defendant must show "real prejudice," that is, "something more than the mere fact that he [or she] would have a better chance for acquittal had he [or she] been tried separately." *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993) (quoting *United States v. Adkins*, 842 F.2d 210, 211-12 (8th Cir. 1998)). Prejudice is "some appreciable chance that defendants would not have been convicted had the separate trial they wanted been granted." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (quotations and citation omitted).

A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his or her defense is irreconcilable with that of his co-defendants, or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *United States v. Mueller*, 661 F.3d 338, 347-48 (8th Cir. 2011), *cert denied*, 132 S.Ct 1951 (2012). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. *United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996); *United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996). Thus, the defendant must demonstrate more than a higher probability of acquittal had severance been granted. *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Consequently, the defendant carries a heavy burden in demonstrating that severance is mandated. *United States v. Sandstorm*, 594 F.3d 634, 644 (8th Cir. 2010).

The general rule of the Eighth Circuit is that persons jointly indicted on similar evidence for the same or related events should be tried together, particularly when the proof against the co-

defendants is based upon the same evidence or conduct. *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997); *United States v. Jones*, 16 F.3d 275, 279 (8th Cir. 1994); *United States v. Voss*, 787 F.2d 393, 401 (8th Cir.), *cert. denied*, 479 U.S. 393 (1986). "Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Wint*, 974 F.2d 961, 965 (8th Cir. 1992), cert. denied, 506 U.S. 1062 (1993). A joint trial is especially compelling when the defendants are charged as co-conspirators. *Basile*, 109 F.3d at 1309; *see also United States v. Garvatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) ("persons charged in a conspiracy or jointly indicted on similar evidence from the same or related offense should be tried together, even if each defendant did not participate in or was not charged with each offense."). But whether or not the co-defendants are also charged as co-conspirators, "[t]he presumption against severing properly joined cases is strong." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996).

It is entirely proper to charge two defendants together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense." Fed. R. Crim. P 8(b). *See also Sandstorm*, 594 F.3d at 644. This is especially true in conspiracy trials, where "our cases have tended to favor trying conspirators jointly*." United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009). *See also United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988) (stating that persons "charged in a conspiracy or jointly indicted on similar evidence from the same…events *should be tried together*") (emphasis added).

This is because a joint trial "gives the jury the best perspective on all of the evidence, and therefore, increases the likelihood of a correct outcome*." United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003); *United States v. Mueller,* 338 F3d 601 F.3d 338, 348 (2011). Joint trials also promote judicial efficacy by allowing prosecutors to try a single fact pattern only once, rather than forcing them to present the same evidence over and over, and by saving witnesses from the

inconvenience (and sometimes trauma) of testifying repeatedly. *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Joint trials also serve the interests of justice by avoiding both the scandal of "inconsistent verdicts," and from "randomly favoring the last tried defendant who [has] the advantage of knowing the prosecutor's case beforehand." *Id*. For these reasons, there is a "strong presumption" for the joint trial of defendants who are properly joined, as are Caldwell and his coconspirators. *Lewis*, 557 F.3d at 609.

In order to defeat this 'strong presumption,' a defendant needs to show "something more than the mere fact that he would have a better chance of acquittal" if he is tried separately. *United States v. Dale*, 614 F.3d 942, 958 (8th Cir. 2010). *See also United States v. Hivley*, 437 F.3d 752, 765 (8th Cir. 2006) (stating that "severance is never warranted simply because the evidence against one defendant is more damaging than that against another defendant, even if the likelihood of the latter's acquittal is thereby decreased"). Nor is it enough to allege that some evidence admissible against his co-defendant will damage him. *United States v. Davis*, 534 F.3d 903, 917 (8th Cir. 2008). Instead, the defendant seeking severance must show that trying him jointly with his co-defendant will result in "real prejudice." *Id*. In fact, the Supreme Court has held that "severance should be granted only if there is a serious risk that a joint trial would compromise a *specific trial right* of a properly joined defendant" *Dale*, 614 F.3d at 958 (quoting *Zafiro v. United States*, 506 U.S. 534, 538 (1993)) (emphasis added). Defendant Caldwell has not alleged nor demonstrated any real prejudice with specificity, other than to aver that there seems to be more evidence implicating his co-defendants or that some co-defendants chose to make incriminating statements whereas Caldwell chose not to. This does not serve as grounds for severance.

There is a strong presumption to try properly joined defendants jointly. Joint trials conserve funds, diminish hardship on witnesses and public authorities, and promote justice by diminishing

the chance of inconsistent verdicts and by presenting the jury with a clearer picture of the events in question. In order to combat these interests, a defendant must show some real prejudice that would result from trying her jointly with her co-defendants.

### B.    JOINDER IS PROPER.

Joinder of these co-defendants was legally proper. A review of the indictment reveals a continuing course of criminal conduct in which Caldwell and the co-defendants conspired with each other and with others unknown to distribute narcotics. There can be little doubt that the defendants are charged with committing, or at least having participated in, the same series of offenses. The charges of conspiracy to distribute narcotics are based upon similar conduct, and are connected by a conspiracy that includes ten other defendants, who over a period of time have acted together as criminal associates. Specifically, the evidence will establish that Caldwell was distributing fentanyl on the street, which constitutes acts in furtherance of the conspiracy. The charges were, therefore, properly joined under Rule 8.

### C.    THERE IS NO COMPELLING PREJUDICE REQUIRING SEVERANCE; THE JURY WILL COMPARTMENTALIZE THE EVIDENCE.

The above stated authority favors joint trials in cases such as this, and Caldwell has not met the heavy burden required for severance. It is well established that any risk of prejudice may be controlled by jury instructions. There is nothing in this case to suggest that a properly instructed jury will not be able to compartmentalize the evidence or follow the District Court's instructions. Length nor complexity of the trial render severance necessary. *See United States v. Frank*, 354 F.3d 910, 920-21 (8th Cir. 2004) (holding jury able to compartmentalize evidence against two defendants in a six-day trial involving 51 counts). In analyzing this issue, the Eighth Circuit looks to whether, among other things, (a) all of the counts were connected by the government's theory and the defendant's defense; (b) the district court instructed the jury to consider the evidence

against the defendants separately, and (c) the possibility exists that one defendant may be acquitted while another convicted on the same count. *Id.*

A defendant's allegation that a joint trial prevents the jury from making individual assessments of guilt is also insufficient to require severance. This risk is always present in joint trials, which remain favored by the law. *See Zafiro*, 506 U.S. at 573. Further, it should be noted that Rule 14 does not require severance to cure prejudice, but allows courts to order "whatever relief justice requires" in that particular situation. *See United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002).

The Supreme Court has made it clear that even if there were a risk of prejudice it may be cured with proper instructions, and juries are presumed to follow their instructions. *Zafiro*, 506 U.S. at 540-41. Further, the trial court may avoid prejudice by instructing the jury that: (1) the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; and (3) each defendant is entitled to have the case determined from his own conduct and from the evidence that may be applicable to him. *Id.* The Government anticipates that similar instructions will be given in this case. (See Eighth Circuit Manual of Model Jury Instructions, 3.08).

There is nothing to suggest the jury will be unable to follow a limiting instruction and compartmentalize the evidence against each Defendant. *See United States v. Crouch*, 46 F.3d 871, 875 (8th Cir. 1995) (District court minimized any prejudice against defendant by instructing jury that evidence of co-defendant's prior weapons sales could not be considered when deciding firearms related charges against defendant); *see United States v. Kelley*, 2009 WL 5206446 (S.D. Ala. 2009).

Likewise, severance is not required merely because evidence which is admissible against some defendants may be damaging to others. *Delpit*, 94 F.3d at 1143-44 (citing *United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996)); *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992); *see also United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) ("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." (internal citation omitted)). Added difficulty in defense does not entitle a defendant to severance either. *United States v. Willis*, 940 F.2d 1136, 1139 (8th Cir. 1991) cert. denied, 507 U.S. 971 (1993). The defendants have been properly joined and will not be prejudiced by a joint trial.

In the instant cause, it is anticipated that the evidence at trial will establish a continuing criminal enterprise that was responsible for transporting kilogram quantities of fentanyl from Arizona to St. Louis, Missouri. The narcotics were either mailed in packages or transported by individuals who flew commercial airlines. The trips were financed by members of the conspiracy in order that their supply of drugs remained consistent. The drugs, firearms and proceeds from narcotics distribution were stored at various residences of the co-conspirators. Some of the co-conspirators were also connected as paramours to each other. The evidence will establish that Defendant Caldwell participated in these activities, which furthered the goals of the criminal enterprise. Defendant Caldwell's joinder with other defendants is therefore proper and his motion for severance should be denied.

### III.    CONCLUSION

WHEREFORE, for the reasons stated herein, the Government respectfully requests that the Court deny Defendant Caldwell's Motion to Sever.

Respectfully submitted,

JEFFERY B. JENSEN
United States Attorney


_s/ Paul J. D'Agrosa_
PAUL J. D'AGROSA (#36966MO)
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200


## CERTIFICATE OF SERVICE\

I hereby certify that on December 15, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.


_s/ Paul J. D'Agrosa_
Assistant United States Attorney