UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19 CR 961 SRC/NCC |
| ANTHONY CALDWELL, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT CALDWELL'S MOTION
TO COMPEL DISCLOSURE REGARDING CONFIDENTIAL SOURCES**

Comes now the United States of America by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and Paul J. D'Agrosa, Assistant United States Attorney for the Eastern District of Missouri, and for its response to Defendant Caldwell's Motion to Compel Disclosure Regarding Confidential Sources (Doc. # 357), states as follows:

### I.    INTRODUCTION

On November 20, 2019 Anthony Caldwell (hereafter "Caldwell" or "Defendant") was indicted by a federal Grand Jury in an eleven-defendant indictment, charging him in a conspiracy to distribute and possess with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841 and 846 (Doc. #1). Defendant has now filed what is basically a motion for disclosure of early *Jencks Act* materials. For the following reasons, the United States respectfully requests this Court deny Defendant's motion.

### II.    ARGUMENT

This is an organized crime conspiracy involving organized narcotics distribution and in which Defendant Caldwell participated. His participation includes his joint participation as a local distributor of fentanyl. Voluminous discovery has been provided and all proper notices under Rule

12 have been made. The discovery, contrary to Caldwell's assertions, comprises ample evidence, independent of confidential sources, which implicates Defendant in the conspiracy.

As the Court is well aware,  Title 18, United States Code, Section 3500 – commonly referred to as the *Jencks Act*, provides, in pertinent part:

> **(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination* in the trial of the case.
> **(b)** *After a witness called by the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500 (emphasis added).   The language of the *Jencks Act* is unambiguous – it imposes upon the government the obligation to produce a "statement or report … made by a Government witness" only "[a]fter [the] witness called by the United States has testified on direct examination."  There simply is no support for any claim that the *Jencks Act* requires more. That subsection of the *Jencks Act* notes,

> [w]henever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial.

*Id.*

Specifically, the Eighth Circuit has held repeatedly that "'[a]lthough in many cases the government freely discloses Jencks Act material in advance of trial,' contrary to [defendant's]

suggestion . . ., 'the government may not be required to do so." *United States v. Wilson*, 102 F. 3d 968, 971-2 (8th Cir. 1996) (internal citation omitted). *See also*, *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) (same). Clearly, these cases stand firmly for the proposition that the government simply cannot be compelled to disclose *Jencks Act* material in advance of the time proscribed by the act itself.

Defendant next moves for an order directing the Government to reveal the identities of confidential informants and cooperating witnesses along with their addresses. The law is well settled that the Government has a privilege to withhold the identity of its informants. *McCray v. Illinois*, 386 U.S. 300, 311 (1967). "The defendant bears the burden of demonstrating the need for disclosure and the court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). A defendant may be entitled to know an informant's identity in certain circumstances. *Rovario*, 353 U.S. 53, 64-65 (1957). In making its decision, the court must balance the defendant's needs against the public's strong interest in preserving the confidences of individuals who report crimes. *Id.* at 59-62. The defendant's need for disclosure, however, might be established by showing that the informant is a material witness to the events to be proved at trial or that the testimony is vital to his defense. *Id.* at 64-65; *United States v. Crenshaw*, 359 F.3d 977, 1004-05 (8th Cir. 2004). "[I]n order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Harrington*, 951 F.2d at 877. It is an abuse of the trial court's discretion to order disclosure "absent a showing of materiality." *United States v. Grisham*, 748 F.2d 460, 463 (8th Cir. 1984). "Where the witness is an active participant or witness to the offense

charged, disclosure will almost always be material to the accused's defense." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

Defendant does not specify which confidential source he is seeking the named identification and has not presented any argument for the need for disclosure of that identification, other than to claim that the ". . . only apparent source of evidence is information provided by cooperating witnesses."(Def. Motion to Compel, pg. 4)  With respect to any confidential source who provided information which lead to the identification of Caldwell, that individual or indivuals may be described as a "tipster."  "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991); *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987).

Courts will deny a defendant's request to know the identity of a tipster who is a person not vital to a fair trial "because the informant's testimony would not further any legitimate interests of" the defendant. *Harrington*, 951 F.2d at 878.  "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). *Barnes v. Dormire*, 251 F.3d 767 (8th Cir. 2001)(holding that disclosure was not required when a confidential informant was present but acted merely as a facilitator for the transaction).  "[M]ere speculation that the informant's testimony will be material to the determination of this case," is not enough to override the government's privilege.  *United States v. Hollis*, 245 F.3d 671, 675 (8th Cir. 2001)(citation omitted).  Defendant has not sufficiently established that his desire to raise certain defenses at trial should override the public's interest in keeping the CS's identity confidential.  *United States v. Acantar*, 271 F.3d 731 (2001).  Accordingly, his request should be denied.

Should the Government call a confidential source to testify at trial, the Government will disclose this information sufficiently before trial so that the defense may make use of that information. The Government is aware of its duties under holdings in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Any materials, if they exist, which relate to testifying witnesses will be disclosed to defendants at a time early enough so that it may be used effectively at trial. However, "in a noncapital case an accused has no constitutional right to require the production of the names and addresses of possible witnesses." *United States v. Cole*, 449 F. 2d 194, 198 (8th Cir. 1971). Thus, the Government will not be providing the defendant with any addresses of these individuals.

Finally, Caldwell fails to point out to the Court that significant, direct evidence exists of his involvement in a conspiracy to distribute narcotics, to include the sale of fentanyl to a confidential source on more than one occasion, surveillance by law enforcement who are able to identify Caldwell and toll records/location data from a precision location warrant. Further, Caldwell cites to Document #328 [sic] from a pending case in this district entitled *United States v. Juan Jose Gonzalez, et al.,* 4:19CR211RLW. The United States submits that Caldwell is actually referring to Judge White's Memorandum and Order (Doc. #438) in which the District Court ordered the government to disclose the identity of its "**testifying informants**" and cooperating codefendants 14 days prior to trial (Doc. #438, pg. 13).

Judge White also ruled that the identification of Government cooperating witnesses is likely to significantly increase the danger to them and courts will not order disclosure where such disclosure will place the witness in personal danger and the prospective testimony is not exculpatory, citing *United States v. Pelton,* 578 F.2d 701, 707-708 (8th Cir. 1978)(Doc. #438, pg. 9). The premature, wholesale disclosure of witness statements, even those containing

exculpatory or impeachment information, would undermine an important function of the Jencks Act: to protect Government witnesses from influence, threats, harassment, and physical harm. *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988); *United States v. Roberts,* 811 F.2d 257, 259 (4th Cir. 1987)(Doc. #438, pgs. 8-9).

The United States submits that the safety of its witnesses is of paramount concern, given the fact that Caldwell was not only identified as the subject leaning out of a car window and discharging an assault rifle at an FBI analyst on the highway, Caldwell himself was the victim of a gunshot wound to the head just before his apprehension. These are facts establishing the inherent dangerousness of Caldwell specifically and of drug trafficking in general.

### III.   CONCLUSION

WHEREFORE, for the reasons stated herein, the Government respectfully requests that the Court deny Defendant Caldwell's motion to compel.

Respectfully submitted,

JEFFERY B. JENSEN
United States Attorney


*s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA (#36966MO)
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Paul J. D'Agrosa*
Assistant United States Attorney