UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CR961 SRC/NCC |
| | ) | |
| ANTHONY CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On December 8, 2020, defendant filed his Motion to Sever (Doc. No. 359); and Motion to Compel Disclosure Regarding Confidential Sources (Doc. No. 357). The Government filed its Responses on December 15, 2020. (Doc. Nos. 363, 364). On February 9, 2021, the parties proceeded by way of argument during a video hearing before the undersigned with the parties' consent. Based on the evidence adduced, as well as a review of the transcript of the hearing in this matter; the undersigned makes the following findings of fact and conclusions of law.

### FACTUAL BACKGROUND

This case stems from a long investigation of an alleged fentanyl-distribution conspiracy and related crimes by eleven individuals including defendant. On November 20, 2019, defendant Caldwell was named in Count One with conspiracy to distribute and possess with the intent to distribute more than 500 grams of fentanyl with nine co-defendants. The remaining co-defendant, Deneisha Baker, is named last and she is the sole defendant charged in Count Two

with maintaining a drug premises and Count Three with possession with intent to distribute fentanyl. The forfeiture allegation applies to all. On February 5, 2020, the Government moved that the Court designate this case as complex under the Speedy Trial Act, and the undersigned granted the motion. (Docs. 89, 175). The motion regarding speedy trial includes information that law enforcement conducted a long-term investigation in this case that generated court-ordered wiretaps, search warrants, surveillance video, interviews of subjects and seizures of guns and drugs. The parties have estimated that the trial could last a week, depending on the number of defendants who proceed to trial.

## DISCUSSION

### Defendant Anthony Caldwell's Motion To Compel Disclosure Regarding Confidential Sources (Doc. 357)

Defendant Caldwell seeks to compel the United States to disclose the identities and statements of its confidential informants, and cooperating co-defendants who might testify at trial against him. Caldwell claims that early disclosure is vital because the only evidence against him of which he is aware is information provided by confidential sources and cooperating witnesses. He argues that if confidential informants or cooperating witnesses did observe or participate in the offense, those individuals are material to his defense and must be disclosed far enough in advance of trial for his independent investigation, and impeachment purposes. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted). Caldwell acknowledges that Rule 16, Fed. R. Crim. P., addresses the disclosure of prospective-witness statements but is silent when it comes to the Government's obligations to disclose identities. He contends that this is a proper case for the court to use its discretion to compel the Government to disclose identities. *United States v. DeCoteau*, 186 F.3d 1008, 1010 (8th Cir. 1999). *See also United States v. Kazami*, No. 4:09CR166 RWS DDN, 2009 WL 1605895 at *2-4 (E.D. Mo. June

2

9, 2009); Memorandum and Order, *United States v. Gonzalez, et al.*, No. 4:19CR211 (E.D. Mo. August 6, 2020), ECF No. 438.

At the hearing on this matter, defense counsel described two major events that could establish Caldwell's guilt and they both depend on direct involvement of confidential sources.[1] The first event is a confidential source's alleged purchase of fentanyl from Caldwell on August 14, 2019.  Defense counsel believes that law enforcement agents might also have been present for this event.  On September 12, 2019, a confidential source claims to have purchased a controlled substance from Caldwell and no law enforcement agents were present.  Counsel argued that disclosure of the identities of the confidential informants must be made regardless of other direct or circumstantial evidence that the Government plans to present at trial.  As part of this demand, defendant expects to also receive criminal histories, promises made in exchange for cooperation, addresses, and any prospective witness's track records regarding cooperation.

A.     **Witness Statements**

The Government responds that Caldwell is speculating about the Government's evidence without a sufficient showing or asserting a defense, and counters that the Court should follow relevant case law and the Jencks Act, Title 18 United States Code, Section 3500, which provides in part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the

---

[1] The parties use the terms confidential source and confidential informant interchangeably and these terms have the same meaning for the purpose of this Order, Report and Recommendation.

possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500. Thus, the Jencks Act speaks to the outer limits by which the Government must make disclosures of such statements for its prospective witnesses. "[A]though in many cases the government freely discloses Jencks Act material in advance of trial, … the government may not be required to do so." *United States v. Wilson*, 102 F.3d 968, 971-2 (8th Cir. 1996) (quotation omitted).

Rule 16(a) is consistent with the Jencks Act, and it sets forth the materials that the Government must disclose that are within the United States' possession, custody, or control and

> (i)      the item is material to preparing the defense;
>
> (ii)     the government intends to use the item in its case-in-chief at trial; or
>
> (iii)    the item was obtained from or belongs to the defendant.

More specifically, these items are a defendant's "oral and recorded statements, that defendant's prior criminal record, an opportunity to inspect and copy certain categories of physical evidence, and certain information about expert witnesses." *See* Fed. R. Crim. P. 16(a)(1). Information the defense is not entitled to is set forth in Rule 16(a)(2) (including "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500" (Jencks Act))." *United States v. Kazami*, 2009 WL 1605895, at *3 (E.D. Mo. June 8, 2009); *United States v. Pelton*, 578 F.2d 701, 707-08 (8th Cir. 1978) ("Discovery of prospective witnesses is not required under Fed. R. Crim. P. 16(a)"). "Criminal defendants, however, have no right in noncapital cases to disclosure of the names of government witnesses under Rule 16(a)." *See United States v. Porter*, 850 F.2d 464, 465 (8th Cir. 1988); *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984). Similarly, Rule 26.2(a), Fed. R. Crim. P., provides that prior statements of witnesses who testified must be

disclosed, on motion, after their direct examination.  Defendant's motion to compel early disclosure of statements should be denied.  The parties are encouraged to disclose such materials no later than the Friday before trial.

### B.    Witness Identities

The legal issues surrounding the disclosure of confidential-informant and cooperating-witness identities are distinct from Jencks Act statements, although these two areas do naturally overlap.  Courts must balance the interests between the Government's general privilege to withhold a person's identity and the defendant's right to impeach prospective witnesses and prepare for a defense.  *Rovario v. United States,* 353 U.S. 53 (1957) (holding that a defendant is sometimes entitled to know the identity of the government's confidential informant to ensure a fair trial when weighed against the public's interest).  Preserving an informant's anonymity and encouraging community members to report crimes is a strong public interest.  Thus, generally, the government is not required to broadly reveal the identity of its trial witnesses at an early juncture in a case.  *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984).  *See also, United States v. Cole*, 449 F.2d 194 (8th Cir. 1971) (recognizing that it is within the discretion of the trial court to order disclosure of names and addresses of witnesses in the proper case).  The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant."  *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Rovario, supra*).  The Eighth Circuit Court of Appeals has also explained that there is no general constitutional right to discovery in a criminal case.  *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).  Instead, "[i]n most circumstances ... a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the

government." *Id*. "The decision to order disclosure depends on the particular circumstances of each case." *United States v. Feldewerth*, 982 F.2d 322, 324 (8th Cir. 1993).

Moreover, the requirements for disclosure of a person's identity depend on the degree of the informant's actual involvement. *See United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant [a tipster] merely conveys information to the government but neither witnesses nor participates in the offense.") (quotation marks and citations omitted). But this law-enforcement privilege gives way when there is a finding that the witness is someone who observed or participated in the charged offense. *Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose*, 53 F.3d at 206; *see also United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) (citation omitted) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). As such, the Court will consider Caldwell's motion to compel identities of potential confidential informants as a separate category from cooperating witnesses for this discussion.

Defendant is correct that a court has discretion to require disclosure "in a proper case." *United States v. DeCoteau*, 186 F.3d at 1010. In *Kazami*, 2009 WL 1605895 at *3, for example, counsel for the United States stated at the pretrial hearing on the motion to compel that the subject confidential informant was a witness to the facts to be presented in its case-in-chief and was a person who would be called by the United States as a witness at trial. This Court ruled that it was clear that the witness was material and decided that the defendant could conduct a pretrial interview of the confidential informant but only with that person's informed consent, and

ruled that disclosure of the person's identity and location was proper for service of a defense

subpoena if the Government decided to not to call the witness at trial. *Id.* at *3-4.

Here, the Government has not confirmed that the confidential informants (CI) connected

to the events of August 14th and September 12th are prospective trial witnesses, explaining that

trial preparation has not begun and offering concerns about possible witness intimidation and

threats of violence if disclosure is made prematurely. The United States argues that defendant

discharged a weapon on the highway at law enforcement, and the parties agree that Caldwell was

apprehended at a hospital where he was being treated for gunshot wounds to his head. The

AUSA conceded only that any such confidential informants would be material witnesses if the

Government lacked other evidence against Caldwell. This view is too narrow under the law.[2]

Regardless, the uncontroverted information about the confidential informant present on August

14th and September 12th means that such a person cannot be a tipster and the Government

cannot invoke privilege under *Rovario* and its progeny on that basis.

Additionally, cooperating witnesses are also clearly material to these events and their

identities must be disclosed. Because cooperating witnesses are relevant and material, their

identities ought to be disclosed to the defense," *Devose*, 53 F.3d at 206; *Foster*, 815 F.2d at

1203).

---

[2] There are circumstances where the Government's position might be supported but there was no record developed here. *See United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (holding that the Government need not disclose a CI even though the informant made controlled buys and observed drugs one day before service of a search warrant, because the informant was not material witness to the search, seizure of drugs, and the arrests were based solely on the quantities of drugs found at the residence and after the controlled buys).

### C.    Exculpatory and Impeaching Evidence

Finally, defendant argues that these disclosures are required under the Supreme Court decisions in *Brady v. Maryland*, 373 U.S. 83 (1963)[3] and *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). *Brady* holds that the prosecution has an affirmative duty to disclose evidence that is both favorable to an accused and material either to guilt or punishment, regardless of the good faith or bad faith of the prosecution. 373 U.S. at 87. To not do so violates due process. *Id. See also Smith v. Cain*, 565 U.S. 73, 132 S.Ct. 627, 629-30 (2012). In *Gilgio*, the Supreme Court extended the *Brady* exculpatory rule to evidence that may affect the credibility of government witnesses when the reliability of that witness may be determinative of a defendant's innocence or guilt. *Id.* at 154. The defendant must make a preliminary showing that his requests can be considered by the court to be exculpatory information. *United States v. Roach*, 28 F.3d 729, 734 (8th Cir. 1994). "'Material' means 'helpful to the defense.'" *United States v. Jean*, 891 F.3d 712, 715 (8th Cir. 2018) (citation omitted). Such a showing is "not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense." *Id.* (quoting *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985).[4] The request must be supported by "case-specific facts which would demonstrate the materiality of the information sought." *United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995) (discussing predecessor Rule 16(a)(1)(C)). However, it is not for the Government to decide whether a potential witness would be helpful for impeachment purposes or to establish a defense. *See*

---

[3]*Brady* "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) (internal quotations marks and citations omitted).

[4]Further, *Brady* imposes no duty on the Government to disclose evidence that is neutral, speculative, or inculpatory, or evidence that is available to the defense from other sources. *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016).

*Roviaro,* 353 U.S. at 629 ("The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.").  Courts will not order disclosure where such disclosure will place the witness in personal danger and the prospective testimony is not exculpatory.  *See Pelton*, 578 F.2d at 707-08.

The Government acknowledges that it has a continuing duty to disclose information under Rule 16(c).  The Government also states that it will comply with its obligations to disclose favorable, exculpatory and impeaching evidence.  A prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case."  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  Therefore, defendant Caldwell's motion is granted as to *Brady*, and as provided by the Rule, and the Government shall provide to defendant the following material or information, if any exists, as to any person who it calls as a witness at trial in this case including:

1.  The prior criminal history of convictions of the witness;

2.  Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case; and

3.  Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act material).

To the extent that defendant's motion requests disclosure of such evidence identified above, it should be granted.  In all other respects, defendant Caldwell's motion should be denied.  In addition, the Government is required to provide to the defendant any other evidence in its possession which is favorable to the defendant and which is material to the guilt or innocence of the defendant or to punishment.  *Brady*, 373 U.S. at 87.  This includes evidence which may be used to impeach the testimony of government witnesses.  *United States v. Bagley*, 473 U.S. 667

(1985).  To the extent that defendant Caldwell's motion requests disclosure of *Brady* and *Giglio* evidence, it should be granted.  In all other respects, it should be denied.

The parties do agree that disclosure of identities of relevant and material witnesses in this case should be made.  The pivotal dispute is the timing of the disclosures.  The Government acknowledges that this Court has ordered the United States to make disclosures as early as 14 days prior to trial in other similar complex cases, and in this case for a co-defendant who filed her own motion to compel.  With all this in mind, the AUSA agreed at the hearing before the undersigned to disclose any material informant or cooperating witness identities no later than 14 days prior to trial along with *Brady* and *Giglio* evidence.  Fourteen days will allow time for defendant to prepare for trial and conduct his own investigation of these relevant and material witnesses regardless of the Government's plans at trial.  This deadline will also help the Court manage the trial in the interests of judicial economy, especially while COVID-19 safety procedures are still in place and could slow the progress of the remaining pretrial phase and trial.

If the Government decides that it will not provide the addresses of any such informant who might testify or any cooperating witness to defendant Caldwell for safety reasons, as it has stated in its response, there are other alternatives.  The Government can arrange an interview with the consent of a prospective witness and under conditions agreeable to all parties.  *See, e.g., United States v. Padilla*, 869 F.2d 372, 376-77 (8th Cir. 1989).  If the Government decides that it does not plan to call a material informant or cooperator as a witness, it shall disclose the person's name and location for service of a defense subpoena seven days prior to trial.[5]

---

[5] Although the Government is correct that the Memorandum and Order of this Court in *Gonzalez*, No. 4:19CR211 RLW ordered the Government to disclose the identity of its testifying informants fourteen days prior to trial, the Court also ruled if "it ultimately does not call a cooperator as a witness, it shall disclose the person's identity and location for service of a defense subpoena seven days prior to trial."  ECF No. 438 at 11.

**Defendant Anthony Caldwell's Motion To Sever (Doc. 359)**

The issue of undue prejudice under Rule 14, Fed. R. Crim. P., must be read in consideration of Rule 8(b), Fed. R. Crim. P., because the "propriety of the joinder" of defendants for trial is governed by Rule 8. *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012) (noting that allegations of misjoinder are reviewed *de novo* on appeal, and the review of the denial of a motion for severance is for an abuse of discretion). Rule 8(b) states:

> The indictment may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Generally, 'the same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). The Eighth Circuit has held that when "the indictment invites joint proof ... prima facie validity of joinder is shown." *United States v. Rimell*, 21 F.3d 281, 289 (8th Cir. 1994) (internal quotation marks and citations omitted). Defendants may be charged together or separately in counts and need not be charged in all counts of an indictment. *Id*. at 288. As such this Circuit generally favors joinder of defendants, and the "prerequisites for joinder are liberally construed…" by the reviewing court. *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004)). "There is a strong presumption for a joint trial" in conspiracy cases "since it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a just outcome." *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014) (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)). Absent some showing of undue prejudice, courts routinely recognize the presumption that defendants who are indicted together as coconspirators

should be tried together. *United States v. Hawkins*, 796 F.3d 843, 861 (8th Cir. 2015) (affirming the denial of motion to sever trials by co-defendant in a conspiracy case).

When the "joinder of … defendants . . . in an indictment. . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal." *United States v. Robinson*, 781 F.3d 453, 461 (8th Cir. 2015) (quotations omitted). Severance is to be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Severance is not to be granted merely because co-defendants have conflicting defenses or because the defendants might "have a better chance of acquittal in separate trials." *Id.* at 538, 540. "[A] [d]efendant[ ] may show real prejudice to [his] right to a fair trial by demonstrating that [his] defense is irreconcilable with a co[-]defendant's defense, or the jury will be unable to properly compartmentalize the evidence as it relates to the separate defendants." *United States v. Weckman*, 982 F.3d 1167, 1172–73 (8th Cir. 2020) (quoting *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014)). *See also United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992) (holding that the fact that each defendant has his or her own personal interest at stake is not enough cause to require separate trials). The defendant has the heavy burden to demonstrate the requisite prejudice. *United States v. Garrett*, 648 F.3d 618, 625-26 (8th Cir. 2011).

Caldwell raises disputes of fact to show that a jury will be unable to compartmentalize evidence of defendants' guilt. He claims that the Government has direct evidence against several co-defendants including seizures of incriminating items and statements but nothing against him.

As discussed above, his proof is based on a deduction that the Government's case hinges on confidential informants and cooperating witnesses that identify him as being involved in the conspiracy. The Government does also allege that Caldwell sold fentanyl to a confidential source on more than one occasion during the conspiracy. The Government maintains that it also has other direct evidence of Caldwell's guilt. As a result, defendant Caldwell argues that severance should be granted because a joint trial could lead to confusion and an unconstitutional conviction based on his mere presence with co-defendants or a jury's erroneous view that he is guilty by association.

Joinder of defendants for trial in conspiracy cases lessens the risk of unfair prejudice considerably. It is well settled that conspiracy cases lend themselves to a joint trial "especially where proof of the conspiracy overlaps." *United States v. Hawkins*, 796 F.3d 843, 861 (8th Cir. 2015) (quotations omitted). "We … reject the argument that severance was warranted because a joint trial prevented the jury from making individualized assessments of guilt. This risk is always present in joint trials, which remain favored by the law." *United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002) (citing *Zafiro*, 506 U.S. at 537). Joint trials do not by their nature prevent a jury from assessing guilt of individual defendants. *Henley*, 766 F.3d 893 at 915. *United States v. Mann*, 685 F.3d 714, 718 (8th Cir. 2012) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.") (citation omitted).

The *Weckman* Court explained in "reviewing the 'consideration of the jury's ability to compartmentalize the evidence against the joint defendants, we consider 1) the complexity of the case; 2) if one or more defendants were acquitted; and 3) the adequacy of admonitions and instructions by the trial judge.'" *Id.* at 1174 (quoting *United States v. Nichols*, 416 F.3d 811, 817 (8th Cir. 2005); *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003)). "It is not an abuse

of discretion to deny a severance motion when not every joined defendant has participated in every offense charged, … when evidence which is admissible only against some defendants may be damaging to others, … or when there is varying strength in the evidence against each defendant." *United States v. Lee*, 374 F.3d 637, 646 (8th Cir. 2004).  As such, the risk of unfair spillover is lessened if the Government's evidence at trial establishes these facts.

Although this case has voluminous discovery, the parties have not attempted to frame the conspiracy as unusual, novel, or especially complex and longstanding.  There is no record of Caldwell's alleged role in this offense other than a brief mention in the Government's response that contends Caldwell was a local fentanyl distributor.  Still, the indictment sufficiently alleges that the participants acted with knowledge and in agreement to commit the offense.  Ten of eleven co-defendants are alleged to be involved in Count One.  No other count in this case is more serious that Count One.  *See, e.g., United States v. Grady, et al*., No. 4:15CR404 HEA/NAB, 2020 WL 2476191, at *1 (E.D. Mo. April 3, 2020) (recommending severance of trial with the government's agreement for two co-defendants charged with a drug conspiracy and other crimes whereas two other co-defendants also charged with same drug conspiracy, murder and other serious crimes).  Count One sets forth a period from January 2018 to November 2019.  A joint trial will allow for common witness testimony consistent with the presumption that defendants charged in a conspiracy should be tried together, particularly where proof of the charges is based on the same evidence and acts.  *Henley*, 766 F.3d 893 at 915; *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004).  Finally, the number of co-defendants who will proceed to trial is not yet settled.  Already, three co-defendants have pleaded guilty.[6]  Still other

---

[6]Codefendants Michael Moore, Roman Frenchie and Kevin White have entered guilty pleas and have been sentenced at the time of this writing.

co-defendants could make similar decisions and the impact may be a less complicated presentation of evidence.

In conclusion, a court must balance the important considerations of defendant's right to a fair trial against other notions. Joint trials promote judicial efficiency and serve the interests of justice by avoiding the possible inequity of inconsistent verdicts. Multiple trials could be highly duplicative.[7] Joint trials also lessen the burden on witnesses who otherwise might be called to testify at multiple trials. "The United States has a strong interest in the joint trial of the members of a criminal enterprise. Such trials save time and money for the court, prosecutors, and witnesses." *United States v. Darden*, 70 F.3d 1526, 1527 (8th Cir. 1995). Applying a standard of liberal construction and in consideration of the parties' competing interests, Caldwell has not shown that this case is so complex with so many defendants that a jury will abandon its instructions and be incapable of following the proof. Accordingly, the undersigned recommends that the motion for severance be denied without prejudice.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Caldwell's Motion to Sever (Doc. #359) be **DENIED**.

**IT IS HEREBY ORDERED** that Defendant Anthony Caldwell's Motion to Compel Disclosure Regarding Confidential Sources (Doc. #357) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FINALLY ORDERED** that at the direction of United States District Judge Stephen R. Clark this matter will be set for trial upon further order of the Court.

---

[7]One other co-defendant has filed a motion to sever her trial. (Doc. 322).

15

The parties are advised that they have fourteen (14) days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to timely file objections may result in the waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).


/s/Noelle C. Collins
United States Magistrate Judge

Dated this 18th day of March, 2021.